IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CR-75-D

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| JEFFREY LEE McCOTTER, | ) | |
| Defendant. | ) | |

On May 17, 2010, Jeffrey Lee McCotter ("defendant" or "McCotter") pleaded guilty to conspiracy to distribute with intent to distribute five kilograms or more of cocaine and fifty kilograms or more of cocaine base in violation of 21 U.S.C. § 846 [D.E. 105]. The conspiracy took place not later than in or about 1999, and continued until in or about March 2009. McCotter is awaiting sentencing. On June 16, 2010, defendant filed a pro se motion to withdraw his guilty plea and obtain new counsel [D.E. 110]. The government responded in opposition [D.E. 111] and defendant replied [D.E. 112]. On August 19, 2010, the court held a hearing on the motion. As explained in open court, defendant's motion to withdraw his guilty plea is denied, and his motion to obtain new counsel is granted.

I.

A guilty plea is "a grave and solemn act to be accepted only with care and discernment." Brady v. United States, 397 U.S. 742, 748 (1970). In a proceeding under Rule 11 of the Federal Rules of Criminal Procedure, a defendant is placed under oath, and the court advises the defendant of numerous rights under the Constitution and laws of the United States. See Fed. R. Crim. P. 11(b). During the Rule 11 colloquy, the court takes numerous steps to ensure that the defendant is

competent and that the plea is knowing and voluntary. See id. During the Rule 11 colloquy, the defendant admits the acts charged in the indictment or information, and the government provides a factual basis for the guilty plea. See id. At that point, the court typically accepts the guilty plea. A guilty plea is "more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial." Brady, 397 U.S. at 748. A properly conducted Rule 11 proceeding raises "a strong presumption that the plea is final and binding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

Once accepted, a guilty plea has particular significance. See, e.g., Florida v. Nixon, 543 U.S. 175, 187 (2004); United States v. Dominguez Benitez, 542 U.S. 74, 82–83 (2004). Indeed, after a guilty plea is accepted and while a defendant is awaiting sentencing, a defendant does not have an absolute right to withdraw a guilty plea. See, e.g., Fed. R. Crim. P. 11(d)(2); United States v. Hyde, 520 U.S. 670, 676–80 (1997); United States v. Battle, 499 F.3d 315, 321 (4th Cir. 2007); United States v. Bowman, 348 F.3d 408, 413–14 (4th Cir. 2003). Rather, a defendant must prove that a "fair and just reason" exists to permit withdrawal. See, e.g., Fed. R. Crim. P. 11(d)(2)(B); Hyde, 520 U.S. at 676–80; Bowman, 348 F.3d at 413–14. A "fair and just reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding." Lambey, 974 F.2d at 1393.

When considering a defendant's motion to withdraw his guilty plea, the court considers several factors, including

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991); see, e.g., Bowman, 348 F.3d at 414.

2

In this case, the court conducted a proper Rule 11 proceeding and accepted McCotter's guilty plea. Nearly one month later, while awaiting sentencing, McCotter filed a pro se motion seeking to withdraw his guilty plea. In his motion, McCotter contends that he "negligently signed" the plea agreement acknowledging his guilt because he is actually innocent. Mot. Withdraw 2. McCotter also alleges that his lawyer "ignor[ed] [McCotter's] wishes" by "insisting" that McCotter take the plea. Id. at 3. In his reply, McCotter changed his story and now contends that his lawyer told him that he had the absolute right to withdraw his plea within ten days and that he (McCotter) told his lawyer to withdraw the plea within that time period. See Reply 1–2. McCotter also contends that his lawyer pursued "his own agenda" by informing defendant that the government had "voluminous" and "compelling" evidence and advising defendant to plead guilty. Id. at 3.

McCotter's arguments are baseless. Both the Rule 11 colloquy that this court conducted and the text of defendant's plea agreement [D.E. 106] doom defendant's contentions. Notably, at the hearing on August 19th, McCotter's lawyer (a very skilled and experienced criminal defense lawyer) denied telling him that he had an absolute right to withdraw his guilty plea within ten days. The court credits the lawyer's statement and discredits McCotter's statement. Moreover, even if McCotter's lawyer told him before the Rule 11 proceeding that he had an absolute right to withdraw his guilty plea within ten days, this court told McCotter during the Rule 11 proceeding that once the court accepted his plea he could not withdraw it. McCotter acknowledged this fact during the Rule 11 proceeding. Furthermore, in considering McCotter's motion to withdraw his guilty plea, the court has considered the factors that the Fourth Circuit described in Moore, 931 F.2d at 248. Specifically, the court finds that McCotter has offered no credible evidence that his guilty plea was not knowing and voluntary. The court also finds that McCotter has not credibly asserted his legal innocence and that McCotter had the close assistance of competent counsel before entering his guilty

3

plea and throughout this case. Additionally, the court finds that permitting withdrawal would prejudice the government, inconvenience the court, and waste judicial resources. Finally, the court finds that the timeliness factor is neutral. After weighing all six factors and the entire record, defendant's motion to withdraw his guilty plea [D.E. 110] is denied.

McCotter also has moved to obtain new counsel. In light of the recent deterioration of the professional relationship between McCotter and his lawyer, the court grants McCotter's motion to obtain new counsel.

II.

As explained above, McCotter's motion to withdraw his guilty plea is DENIED [D.E. 110], and his motion to obtain new counsel is GRANTED [D.E. 110]. The Federal Public Defender SHALL appoint new counsel to represent McCotter. McCotter's sentencing hearing is CONTINUED and is rescheduled for the December 13, 2010 term of court.

SO ORDERED. This 19 day of August 2010.

JAMES C. DEVER III
United States District Judge

4