IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CR-75-D
No. 4:14-CV-100-D

| | |
|---|---|
| JEFFREY LEE MCCOTTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 9, 2014, Jeffrey Lee McCotter ("McCotter") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 360-month sentence [D.E. 191].[1] On July 22, 2014, the government moved to dismiss McCotter's section 2255 motion [D.E. 202] and filed a memorandum in support [D.E. 203]. On October 10, 2014, McCotter responded in opposition [D.E. 214]. As explained below, the court grants the government's motion to dismiss and dismisses McCotter's section 2255 motion.

I.

On May 17, 2010, McCotter pleaded guilty, pursuant to a written plea agreement [D.E. 106], to conspiracy to distribute and possess with the intent to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base ("crack"), in violation of 21 U.S.C. § 846. See [D.E. 105]; Rule 11 Tr. [D.E. 159] 30–31. In his plea agreement and at his Rule 11 hearing, McCotter acknowledged that the offense to which he was pleading guilty carried a minimum imprisonment

---

[1] On June 11, 2013, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, the court reduced McCotter's sentence from 480 months to 360 months. See [D.E. 185].

term of 240 months and a maximum imprisonment term of life. See Plea Agreement [D.E. 106] ¶ 3; Rule 11 Tr. 19–22.

On June 16, 2010, McCotter moved to withdraw his guilty plea [D.E. 110]. In McCotter's pro se response to the government's opposition to McCotter's motion to withdraw his guilty plea, McCotter admitted that under his "open ended" plea agreement he could receive a prison sentence from twenty years to life. See [D.E. 112] 2. McCotter also asserted that he believed that he had an absolute right to withdraw his guilty plea within ten days, that he was innocent, and that the eleven cooperating coconspirators had no evidence against him. See id. 2–4. McCotter also asserted that he negligently signed his plea agreement. See [D.E. 112-2] 1. On August 19, 2010, the court held a hearing on McCotter's motion to withdraw his guilty plea, denied the motion to withdraw, and permitted McCotter to obtain new appointed counsel. See [D.E. 124].

On April 4, 2011, at McCotter's sentencing hearing, the court calculated McCotter's advisory guideline range to be 360 months to life, based on a criminal history category of VI and a total offense level of 42. See Sentencing Tr. [D.E. 161] 52. After considering counsel's arguments, McCotter's statement (including his perjury), and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced McCotter to 480 months' imprisonment. See id. 56–64; [D.E. 154].

McCotter timely appealed. See [D.E. 150]. On October 4, 2011, McCotter filed a consent motion to voluntarily dismiss his appeal. See Consent Motion to Dismiss Appeal, United States v. McCotter, No. 11-4405 (4th Cir. Oct. 4, 2011), [D.E. 19]. On October 4, 2011, the United States Court of Appeals for the Fourth Circuit granted McCotter's consent motion to voluntarily dismiss his appeal, dismissed the appeal, and issued the mandate. See [D.E. 165]. McCotter did not petition the United States Supreme Court for a writ of certiorari. See [D.E. 191] 2. Thus, his conviction became final on January 3, 2012, when the time to do so expired. See, e.g., Clay v. United States,

2

537 U.S. 522, 525, 532 (2003); S. Ct. R. 13.

On June 9, 2014, McCotter filed his section 2255 motion [D.E. 191]. McCotter alleges: (1) that the court violated his Fifth and Sixth Amendments rights under <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), when, without McCotter's admission, it considered McCotter's prior felony drug conviction at sentencing and when it found McCotter responsible for over 50 kilograms of cocaine at sentencing; and (2) that his plea agreement limited the quantity of powder cocaine for which the court could hold McCotter responsible to 5 kilograms and the quantity of crack cocaine for which the court could hold McCotter responsible to 50 grams; therefore, his sentence violated the plea agreement. <u>See</u> [D.E. 191] 4–7.

On July 22, 2014, the government moved to dismiss McCotter's motion for failure to state a claim upon which relief can be granted. The government argued that McCotter's motion was untimely under 28 U.S.C. § 2255(f), barred by his appellate waiver, and meritless. <u>See</u> [D.E. 203] 3–8.

On October 10, 2014, McCotter responded in opposition. <u>See</u> [D.E. 214]. In his response, McCotter argued (1) that the plea agreement limited his cocaine weight to 5 kilograms and his crack weight to 50 grams; (2) that his defense counsel coerced him into pleading guilty; (3) that his defense counsel did not explain his plea agreement to him before he pleaded guilty, that his defense counsel told him before he pleaded guilty that he would receive a 240-month sentence, and that his defense counsel failed to tell McCotter what his criminal history category would be before he pleaded guilty thereby rendering his guilty plea unknowing; (4) that his defense counsel was ineffective in advising him concerning his guilty plea; (5) that his sentence violated <u>Alleyne</u>; and (6) that he is actually innocent. <u>See</u> [D.E. 214].

3

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v.

4

Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). Likewise, a direct appeal of a criminal conviction or sentence is a critical stage where a defendant is entitled to the effective assistance of counsel. See, e.g., Roe v. Flores-Ortega, 528 U.S. 470, 476–82 (2000); Penson v. Ohio, 488 U.S. 75, 88–89 (1988).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687, 691–96; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffective assistance of counsel claim on a section 2255 motion, a court may rely on its own familiarity with the case. See Blackledge v.

5

Allison, 431 U.S. 63, 74 n.4 (1977).

First, the government argues that McCotter's section 2255 motion is untimely. Section 2255(f) contains a one-year statute of limitations for petitions for collateral review. Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4); Johnson v. United States, 544 U.S. 295, 299–30 (2005); Whiteside v. United States, No. 13-7152, 2014 WL 7245453, at *2 (4th Cir. Dec. 19, 2014) (en banc).

As for section 2255(f)(1), McCotter filed his section 2255 motion on June 9, 2014, more than three years after his judgment of conviction became final. Thus, McCotter's section 2255 motion is untimely under 28 U.S.C. § 2255(f)(1). See, e.g., United States v. Mathur, 685 F.3d 396, 397–98 (4th Cir. 2012).

In opposing the government's timeliness argument, McCotter contends that his section 2255 motion is timely under section 2255(f)(3) due to Alleyne. The court rejects the argument because Alleyne is not retroactively applicable to cases on collateral review. See, e.g., United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished); see also In re Mazzio, 756 F.3d 487, 489–91 (6th Cir. 2014); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); United States v. Redd,

6

735 F.3d 88, 91–92 (2d Cir. 2013) (per curiam); In re Payne, 733 F.3d 1027, 1029 (10th Cir. 2013) (per curiam); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). Thus, McCotter's section 2255 motion is untimely.

As for equitable tolling, section 2255(f) is subject to equitable tolling, but nothing in the record suggests that equitable tolling applies. See Holland v. Florida, 560 U.S. 631, 649–54 (2010); Whiteside, 2014 WL 7245453, at *6–7; Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quotation omitted); see Holland, 560 U.S. at 649–54. McCotter has not plausibly alleged such extraordinary circumstances. See, e.g., Holland, 560 U.S. at 649–54; Whiteside, 2014 WL 7245453, at *6–7; United States v. Sawyer, 552 F. App'x 230, 232 (4th Cir. 2014) (per curiam) (unpublished). Accordingly, the court grants the government's motion to dismiss McCotter's section 2255 motion as untimely.

Alternatively, the appellate waiver in McCotter's plea agreement bars McCotter's claims other than his ineffective assistance of counsel claim. In his plea agreement, McCotter agreed "to waive all rights to contest [his] conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting a[] . . . motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [McCotter] at the time of [his] guilty plea." Plea Agreement ¶ 2.c. An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

7

To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013).

At McCotter's Rule 11 hearing, McCotter stated under oath that he had consulted with his counsel about the charge to which he was pleading guilty, that he was fully satisfied with his counsel's performance, that he was not on any medication, and that no one had threatened him or anyone else or made any promises to him or anyone else. See Rule 11 Tr. 3, 6–16, 19–20. McCotter also swore that he understood the charge to which he was pleading guilty and understood the maximum penalties provided for that charge, including a minimum of 240 months' imprisonment and a maximum of life. See id. 21–22. McCotter also swore that he understood all the trial rights that he had and that he would be waiving if he pleaded guilty and the direct and collateral consequences of pleading guilty. See id. 24–28. McCotter also swore that he had read and discussed his plea agreement with his lawyer, that he understood each term in his plea agreement, and that the plea agreement constituted the entire agreement between McCotter and the government. See id. In his plea agreement, McCotter expressly agreed that his minimum sentence would be 20 years and his maximum sentence could be life. See Plea Agreement ¶ 3(a). In his plea agreement, the United States did not agree to a specific sentence and reserved the right to make a sentencing recommendation. See id. ¶ 4. The court then read McCotter's appellate waiver aloud to him, and McCotter swore that he understood the rights he was giving up in the waiver. See Rule 11 Tr.

27–28. McCotter also swore that he understood the sentencing process, that any estimate of his sentence or the advisory guideline range from any source was not binding on the court, that any erroneous prediction of his advisory guideline range or sentence would not allow him to withdraw his guilty plea, and that the court could sentence him up to the statutory maximum of life imprisonment. See id. 18–20, 25–26, 28.

At the end of his Rule 11 hearing, McCotter pleaded guilty, and the government provided a factual basis for the guilty plea. See id. 30–34. The court then accepted McCotter's guilty plea. See id. 34–35.

In light of the Rule 11 colloquy, McCotter's appellate waiver is valid. See, e.g., Copeland, 707 F.3d at 528; Thornsbury, 670 F.3d at 537; Blick, 408 F.3d at 169. In his waiver, McCotter agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting [a] . . . motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [McCotter] at the time of [his] guilty plea." Plea Agreement ¶ 2.c. Here, McCotter's claims that the court violated Alleyne at sentencing, and that his sentence violated the plea agreement, fall within the scope of his appellate waiver. See Copeland, 707 F.3d at 528–30. Accordingly, the court enforces McCotter's waiver and dismisses these claims.

Alternatively, McCotter procedurally defaulted these claims. Notably, McCotter failed to raise and persist in making these claims on direct appeal. Thus, the general rule of procedural default bars McCotter from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Frigit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, McCotter has not plausibly alleged "actual innocence" or "cause and prejudice"

9

resulting from the errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 546 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999).

To the extent that McCotter tries to save these claims by asserting ineffective assistance of his appellate counsel for failing to raise these claims on direct appeal, the court rejects the argument. McCotter signed and had his appellate counsel file a motion to voluntarily dismiss his appeal. See Consent Motion to Dismiss Appeal, United States v. McCotter, No. 11-4405 (4th Cir. Oct. 4, 2011), [D.E. 19]. On October 4, 2011, the Fourth Circuit granted McCotter's motion to dismiss [D.E. 165]. McCotter had the right to persist in or to dismiss his direct appeal. See, e.g., Florida v. Nixon, 543 U.S. 175, 187 (2004) ("A defendant . . . has the ultimate authority to determine whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." (quotation omitted)). McCotter has not plausibly alleged ineffective assistance of his appellate counsel in adhering to McCotter's "ultimate authority" to dismiss his appeal and thereby waive whatever arguments that McCotter could have made on direct appeal. Cf. Strickland, 466 U.S. at 691 ("The reasonableness of counsel's action may be substantially influenced by defendant's own statements or actions."). Indeed, the record shows that McCotter dismissed his appeal as part of his cooperation with the government pursuant to his plea agreement, see [D.E. 178]; [D.E. 214-1] 4–9, obtained a Rule 35 motion from the government, see [D.E. 163], and obtained a ten-year sentence reduction. See [D.E. 185]. Thus, McCotter has not plausibly alleged deficient performance or prejudice. See, e.g., Strickland, 466 U.S. at 687–91, 696–700.

Alternatively, McCotter's claims fail on the merits. First, the Rule 11 transcript and his plea agreement belie McCotter's claim that his guilty plea was not knowing, voluntary, and intelligent.

10

resulting from the errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 546 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999).

To the extent that McCotter tries to save these claims by asserting ineffective assistance of his appellate counsel for failing to raise these claims on direct appeal, the court rejects the argument. McCotter signed and had his appellate counsel file a motion to voluntarily dismiss his appeal. See Consent Motion to Dismiss Appeal, United States v. McCotter, No. 11-4405 (4th Cir. Oct. 4, 2011), [D.E. 19]. On October 4, 2011, the Fourth Circuit granted McCotter's motion to dismiss [D.E. 165]. McCotter had the right to persist in or to dismiss his direct appeal. See, e.g., Florida v. Nixon, 543 U.S. 175, 187 (2004) ("A defendant . . . has the ultimate authority to determine whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." (quotation omitted)). McCotter has not plausibly alleged ineffective assistance of his appellate counsel in adhering to McCotter's "ultimate authority" to dismiss his appeal and thereby waive whatever arguments that McCotter could have made on direct appeal. Cf. Strickland, 466 U.S. at 691 ("The reasonableness of counsel's action may be substantially influenced by defendant's own statements or actions."). Indeed, the record shows that McCotter dismissed his appeal as part of his cooperation with the government pursuant to his plea agreement, see [D.E. 178]; [D.E. 214-1] 4–9, obtained a Rule 35 motion from the government, see [D.E. 163], and obtained a ten-year sentence reduction. See [D.E. 185]. Thus, McCotter has not plausibly alleged deficient performance or prejudice. See, e.g., Strickland, 466 U.S. at 687–91, 696–700.

Alternatively, McCotter's claims fail on the merits. First, the Rule 11 transcript and his plea agreement belie McCotter's claim that his guilty plea was not knowing, voluntary, and intelligent.

10

The court may rely on McCotter's sworn admissions during his Rule 11 hearing. See Blackledge, 431 U.S. at 73–74; United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). Accordingly, the court rejects McCotter's claim that his guilty plea was not knowing, voluntary, and intelligent.

As for McCotter's claim that his sentence violates Alleyne because the court made certain findings of fact concerning drug weight and his prior convictions at sentencing, Alleyne announced a purely procedural rule that does not apply retroactively on collateral review. See, e.g., Whorton v. Bockting, 549 U.S. 406, 416–18 (2007) (describing framework used to analyze retroactivity on collateral review); Stewart, 540 F. App'x at 172 n.*; In re Mazzio, 756 F.3d at 488; Winkelman, 746 F.3d at 136; Harris, 741 F.3d at 1250 n.3; Redd, 735 F.3d at 91–92; In re Kemper, 735 F.3d at 212; Simpson, 721 F.3d at 876. Thus, the claim fails.

Alternatively, even if Alleyne applied retroactively, McCotter would get no relief. In Alleyne, the Supreme Court held that any fact (other than a prior conviction) supporting an enhanced mandatory minimum sentence must be alleged in the indictment and be admitted by the defendant or found by a jury beyond a reasonable doubt. See Alleyne, 133 S. Ct. at 2155, 2160–61. The one charge to which McCotter pleaded guilty complied with Alleyne. See Indictment [D.E. 1] (count one). Moreover, McCotter knowingly and voluntarily waived his right to a jury determination of the facts concerning drug weight in count one by pleading guilty, and McCotter's guilty plea satisfied the government's burden of proof. See, e.g., United States v. Booker, 543 U.S. 220, 244 (2005). Furthermore, Alleyne does not impact a court's ability to apply the advisory guidelines, including making findings of fact concerning drug weight that do not impact a statutory minimum or maximum. See, e.g., Alleyne, 133 S. Ct. at 2163; United States v. Benn, 572 F. App'x 167, 179–80 & n.4 (4th Cir. 2014) (per curiam) (unpublished) (collecting cases); United States v. Ramirez-Negron, 751 F.3d 42, 48–49 (1st Cir. 2014) (collecting cases); United States v. Gibbs, 547 F. App'x

11

174, 185 n.4 (4th Cir. 2013) (per curiam) (unpublished); United States v. Johnson, 732 F.3d 577, 583–84 (6th Cir. 2013); United States v. Claybrooks, 729 F.3d 699, 707–08 (7th Cir. 2013).

As for McCotter's Alleyne claim concerning one of his prior convictions, Alleyne does not impact a court's ability to consider a prior conviction for purposes of a recidivism enhancement. See Alleyne, 133 S. Ct. at 2160 n.1; see also James v. United States, 550 U.S. 192, 214 n.8 (2007); Cunningham v. California, 549 U.S. 270, 282 (2007); Almendarez-Torres v. United States, 523 U.S. 224, 239–48 (1998). Furthermore, Alleyne has no impact on a court's ability to apply the advisory sentencing guidelines, including making findings of fact concerning prior convictions. See, e.g., Alleyne, 133 S. Ct. at 2163; Benn, 572 F. App'x at 179–80 & n.4; Ramirez-Negron, 751 F.3d at 48–49; Gibbs, 547 F. App'x at 185 n.4; Johnson, 732 F.3d at 583–84; Claybrooks, 729 F.3d at 707–08. Accordingly, McCotter's sentence does not violate Alleyne.

As for McCotter's claim that his defense counsel provided ineffective assistance of counsel by coercing him into pleading guilty, failing to advise him concerning his guilty plea, failing to explain his plea agreement to him, telling him that he would receive a 240-month sentence, and failing to tell McCotter what his criminal history would be, the court addressed these topics at McCotter's Rule 11 hearing. See Rule 11 Tr. 3, 6–16, 18–37. Moreover, McCotter swore that he understood the court's explanation. Id. The court is entitled to rely on the sworn statements that McCotter made during his Rule 11 colloquy. See, e.g., Blackledge, 431 U.S. at 73–74; Lemaster, 403 F.3d at 221–22. In light of the court's explanation and findings at the Rule 11 hearing, the court cured any potential prejudice arising from defense counsel's alleged erroneous advice. See, e.g., United States v. Foster, 68 F.3d 86, 87–88 (4th Cir. 1995); United States v. Craig, 985 F.2d 175, 179–80 (4th Cir. 1993) (per curiam). Accordingly, McCotter's ineffective-assistance claim fails.

12

After reviewing the claims presented in McCotter's motion, the court determines that reasonable jurists would not find the court's treatment of any of McCotter's claims decided in this order debatable or wrong, and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 202], DISMISSES McCotter's section 2255 motion [D.E. 191], and DENIES a certificate of appealability.

SO ORDERED. This **26** day of January 2015.

JAMES C. DEVER III
Chief United States District Judge