IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 4:09-CR-75-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JEFFREY LEE MCCOTTER, | ) | |
| | ) | |
| Defendant. | ) | |

On May 8, 2019, Jeffrey Lee McCotter ("McCotter" or "defendant") moved pro se for a sentence reduction under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) [D.E. 283]. On February 25, 2021, through counsel, McCotter supplemented his motion and filed a memorandum and documents in support [D.E. 291, 291-1–291-10]. On March 17, 2021, the government responded in opposition [D.E. 293]. On March 18, 2021, McCotter replied [D.E. 294], moved for compassionate release [D.E. 302], and filed documents in support of his motion for compassionate release [D.E. 302-1–302-9, 303-1]. On May 27, 2021, the government responded in opposition to McCotter's motion for compassionate release [D.E. 309]. On June 3, 2021, McCotter replied [D.E. 310]. As explained below, the court denies McCotter's motion for reduction of sentence and motion for compassionate release.

I.

On May 17, 2010, McCotter pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base (crack). See [D.E. 105, 106]. On April 4, 2011, the court held McCotter's sentencing hearing and adopted the uncontested facts as set forth in the Presentence Investigation Report ("PSR"). See [D.E. 149,

275]; Sent. Tr. [D.E. 161] 6. After resolving McCotter's objections, the court determined McCotter's total offense level to be 42, his criminal history category to be VI, and his advisory guideline range to be 360 months' to life imprisonment. See Sent. Tr. [D.E. 161] 6–52. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced McCotter to 480 months' imprisonment. See id. 56–62. McCotter appealed. See [D.E. 150]. On October 4, 2011, the United States Court of Appeals for the Fourth Circuit dismissed McCotter's appeal. See [D.E. 165]. On June 11, 2013, the court reduced McCotter's sentence to 360 months' imprisonment.

On June 9, 2014, McCotter moved to vacate, set aside, or correct his sentence. See [D.E. 191]. On July 22, 2014, the government moved to dismiss McCotter's section 2255 motion. See [D.E. 202]. On October 10, 2014, McCotter responded in opposition. See [D.E. 214]. On January 26, 2015, the court granted the government's motion to dismiss, dismissed McCotter's section 2255 motion, and denied a certificate of appealability. See [D.E. 219]. McCotter appealed. See [D.E. 221]. On July 27, 2015, the Fourth Circuit dismissed McCotter's appeal. See United States v. McCotter, 610 F. App'x 301, 301 (4th Cir. 2015) (per curiam) (unpublished).

On August 6, 2015, McCotter again moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 229]. On August 19, 2015, the court dismissed McCotter's second section 2255 motion as successive and denied a certificate of appealability. See [D.E. 233]. McCotter did not appeal.

On June 23, 2016, McCotter filed a third motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 252]. On August 19, 2016, the court stayed McCotter's section 2255 proceeding. See [D.E. 257]. On June 22, 2017, the court lifted its stay, dismissed McCotter's section 2255 motion, and denied a certificate of appealability. See [D.E. 264]. On June 26 and

2

October 11, 2017, McCotter moved to supplement his third section 2255 motion. See [D.E. 266, 267]. On December 12, 2017, the government responded. See [D.E. 269]. On March 5, 2018, McCotter replied to the government's response. See [D.E. 271]. On April 11, 2018, the court granted McCotter's motions to supplement, reaffirmed its order dismissing McCotter's third section 2255 motion, and denied a certificate of appealability. See [D.E. 272]. McCotter appealed. See [D.E. 273]. On October 23, 2018, the Fourth Circuit dismissed McCotter's appeal. See United States v. McCotter, 740 F. App'x 307, 307 (4th Cir. 2018) (per curiam) (unpublished).

II.

McCotter moves for sentence reduction under section 404 of the First Step Act. On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2371, 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of cocaine base (crack) necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of cocaine base (crack) necessary to trigger a 10 year to life sentence increased from 50 grams to 280 grams. See id. § 2, 124 Stat. at 2372.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See id. § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced

3

sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Lancaster, 997 F.3d 171, 174–76 (4th Cir. 2021); United States v. Collington, 995 F.3d 347, 353 (4th Cir. 2021); United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Lancaster, 997 F.3d at 174–76; Collington, 995 F.3d at 357; Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., Collington, 995 F.3d at 357–58; United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3 (E.D. Va. Mar. 17, 2020) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished); but cf. Collington, 995

4

F.3d at 356–58 (district court must reduce sentence to comply with any new statutory maximum sentence).

McCotter's May 2010 conviction for conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base (crack) is a covered offense under section 404(a) of the First Step Act because this conviction is an offense whose statutory penalties were modified by the Fair Sentencing Act that was committed before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222; United States v. McDonald, 986 F.3d 402, 404 (4th Cir. 2021) ("The First Step Act applies to any defendant who was convicted of an offense whose statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010.") (quotation omitted). Thus, McCotter is eligible for sentence reduction.

Although McCotter's total offense level dropped from 42 to 40, McCotter's advisory guideline range is unchanged. See [D.E. 295]. The court has completely reviewed the entire record, the parties' arguments, the advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Collington, 995 F.3d at 360; Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). As for McCotter's offense conduct, McCotter engaged in prolonged, serious drug dealing between 1998 and 2009. McCotter was an organizer and leader in a drug trafficking conspiracy and distributed extremely large quantities of cocaine and cocaine base (crack) in the Eastern District of North Carolina. See Sentencing Tr. [D.E. 161] 6–53. McCotter also possessed multiple firearms while trafficking drugs. See id.

McCotter is a violent recidivist with convictions for reckless driving to endanger, failure to heed light or siren, speed to elude arrest, unauthorized use of a motor vehicle, assault inflicting

5

serious injury, flee/elude arrest with a motor vehicle (two counts), assault with a deadly weapon, possession of a firearm by a felon, possession of cocaine, driving while license revoked (nine counts), possess marijuana up to ½ ounce (two counts), breaking or entering, injury to real property, possession of cocaine (two counts), assault on a female (two counts), injury to personal property, assault on a child under 12, simple assault, and communicating threats. See PSR [D.E. 275] ¶¶ 26–54. McCotter also has performed poorly on supervision. See id. ¶¶ 26, 37, 41–42, 44. Although McCotter has taken some positive steps while incarcerated on his federal sentence, he has sustained infractions for disruptive conduct-high, refusing to work/program assignment (two infractions), phone abuse-disrupt monitoring, refusing to obey an order, and being absent from assignment. See [D.E. 295]; [D.E. 291-6]; cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); McDonald, 986 F.3d at 412; United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). In light of McCotter's serious criminal conduct, abysmal criminal record, poor performance on supervision, misconduct while incarcerated, the need to promote respect for the law, the need to deter others, the need to protect society, and the need to incapacitate McCotter, the court declines to reduce McCotter's sentence. See, e.g., 18 U.S.C. § 3553(a); Chavez-Mesa, 138 S. Ct. at 1966–68; High, 997 F.3d at 185–86; Lancaster, 997 F.3d at 176; Collington, 995 F.3d at 360; Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4.

In reaching this decision, the court has considered the entire record, McCotter's arguments, and the section 3553(a) factors. However, even if the court miscalculated the advisory guideline range, it still would not reduce McCotter's sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

6

III.

McCotter seeks compassionate release under section 603 of the First Step Act. See [D.E. 302]. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another

7

extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., High, 997 F.3d at 185–86; United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 185–86; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098,

---

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

McCotter contends that he requested compassionate release from the warden on February 23, 2021, which the warden denied on March 2, 2021. See [D.E. 302] 2. The government has not invoked section 3582's exhaustion requirement. Cf [D.E. 306]; United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] The court assumes without deciding that McCotter exhausted his administrative remedies and addresses McCotter's claim on the merits.

McCotter seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, McCotter cites the COVID-19 pandemic, his bout with and recovery from COVID-19, his age (41), and his medical conditions, including asthma, allergic rhinitis, and his history of alcohol abuse and smoking. See [D.E. 302] 2–4. McCotter also cites the conditions at FCI Butner, his rehabilitation efforts, that he has served more than 45 percent of his sentence, and his release plan. See id. at 5–9.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although McCotter states that he has asthma, allergic rhinitis, and his history of alcohol abuse and smoking, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

10

while McCotter serves his sentence. Moreover, McCotter has received both doses of the Pfizer vaccine. See [D.E. 307]. McCotter argues that the vaccine may not lower his medical risks, but the court rejects his argument as meritless. Cf. [D.E. 302] 4 n.2. Accordingly, reducing McCotter's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, McCotter's age, his medical conditions, his rehabilitation efforts, the conditions at FCI Butner, that he has served over 45 percent of his sentence, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, as discussed at length, the section 3553(a) factors strongly counsel against reducing McCotter's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

The court has considered McCotter's bout with and recovery from COVID-19, his age, his medical conditions, his rehabilitation efforts, that he has served over 45 percent of his sentence, and his release plan. Cf. Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); Martin, 916 F.3d at 398. Having considered the entire record, the steps that the BOP has taken to address COVID-19, the section 3553(a) factors, McCotter's arguments, the government's persuasive response, and the need to punish McCotter for his serious criminal behavior, to incapacitate McCotter, to promote respect for the law, to deter others, and to protect society, the court declines to grant McCotter's motion for compassionate

11

release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

IV.

In sum, the court DENIES McCotter's motion for reduction of sentence [D.E. 283] and motion for compassionate release [D.E. 302].

SO ORDERED. This 9 day of June 2021.

*James C. Dever*
JAMES C. DEVER III
United States District Judge